UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROLAND PELLETIER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:22-cv-00417-JDL |
| | ) | |
| BREVARD COUNTY, et al., | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION AFTER REVIEW
### OF PLAINTIFF'S COMPLAINT

Plaintiff, who is currently an inmate in a Florida jail, attempts to assert a cause of action against certain Florida law enforcement officers based on various encounters Plaintiff had with the law enforcement officers over the last 10-15 years. (Complaint, ECF No. 1.) Plaintiff asserts his claim pursuant to 42 U.S.C. § 1983. (Complaint at 3.)

Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

After a review pursuant to 28 U.S.C. § 1915A, I recommend the Court dismiss Plaintiff's complaint.

### DISCUSSION

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Furthermore, 28 U.S.C. § 1406(a) provides, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because 42 U.S.C. § 1983 contains no venue provision, the appropriate venue is determined by reference to 28 U.S.C. § 1391(b), which states:

> A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See Parker v. Barbie*, No. 14-800, 2014 WL 1820049, at *1, 2014 U.S. Dist. Lexis 62431 (E.D. La. May 6, 2014).

A review of Plaintiff's complaint reveals that Plaintiff has not alleged that any of the parties or the circumstances giving rise to his claim have any connection to Maine. Instead, Plaintiff's claim is based on conduct that occurred in Florida. The District of Maine is not the proper venue for the matter.

"Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *see also Quinn v. Watson*, 145 F. App'x 799, 800 (4th Cir. 2005) (unpublished). Plaintiff's complaint consists of conclusory allegations and lacks sufficient facts to support a federal claim. *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) (a complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard"). That is, the pleading rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* The transfer of Plaintiff's complaint, therefore, would be futile.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the matter.[1]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[1] Plaintiff has filed multiple complaints and petitions in this District based on events that occurred in another District and with no connection to this District. *See Pelletier v. State of Florida Dept. of Health*, No. 1:22-cv-00297-JDL; *Pelletier v. Brevard County*, No. 1:22-cv-00418-JDL; *Pelletier v. Collier County*, No. 1:22-cv-420-JDL; *Pelletier v. Collier County*, No. 1:22-cv-423-JDL; *Pelletier v. Collier County*, No. 1:22-cv-419-JDL; *Pelletier v. Connecticut,* No. 1:22-cv-422-JDL; *Pelletier v. South Windsor*, No. 1:22-cv-421-JDL. The Court might want to consider an order informing Plaintiff that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993), if Plaintiff files further actions in the improper district.

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                      /s/ John C. Nivison
                                      U.S. Magistrate Judge

Dated this 10th day of January, 2023.